| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Christopher Celentino (SBN 131688)<br>Yosina M. Lissebeck (SBN 201654)<br>Christopher B. Ghio (SBN 259094)<br>DINSMORE & SHOHL LLP<br>655 West Broadway, Suite 800<br>San Diego, CA 92101; Tel: (619) 400-0500<br>christopher.celentino@dinsmore.com<br>yosina.lissebeck@dinsmore.com<br>christopher.ghio@dinsmore.com | |

☐ *Movant(s) appearing without an attorney*
☒ *Attorney for Movant(s)*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>The Litigation Practice Group P.C.,    Debtor. | CASE NO.: 8:25-ap-01190-SC<br>CHAPTER: 11 |
|---|---|
| Richard A. Marshack, Trustee of the LPG Liquidation Trust,<br>    Plaintiff,<br>v.<br>Laurent Reiss, a Monaco resident, et al.<br>    Defendants. | **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)**<br><br>[No Hearing Required] |

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 02/20/2026___ Movant(s) filed a motion or application (Motion) entitled: Motion to Extend the Time to Effectuate Service of Plaintiff's First Amended Complaint and Request for Another Summons

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 02/20/2026___ Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 17___ days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9.   Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date:  03/11/2026___                   /s/ Christopher Celentino_____
                                       Signature


                                       Christopher Celentino_____
                                       Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                          Page 2                 **F 9013-1.2.NO.REQUEST.HEARING.DEC**

Christopher Celentino (State Bar No. 131688)
Yosina M. Lissebeck (State Bar No. 201654)
Christopher B. Ghio (State Bar No. 259094)
Jacob R. Bothamley (State Bar No. 319457)
**DINSMORE & SHOHL LLP**
655 West Broadway, Ste 800
San Diego, CA 92101
Telephone:  619.400.0500
Facsimile:  619.400.0501
Christopher.Celentino@dinsmore.com
Yosina.Lissebeck@dinsmore.com
Christopher.Ghio@dinsmore.com
Jacob.Bothamley@dinsmore.com

Counsel to Plaintiff, Richard A. Marshack,
Trustee of the LPG Liquidation Trust

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.,<br><br>Debtor.<br><br>---<br><br>Richard A. Marshack, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>Laurent Reiss, a Monaco resident; MCA Fund ADV Inc., a New York Corporation; LDR International Ltd., a British Virgin Islands limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 8:23-bk-10571-SC<br><br>Adv. Proc. No.: 8:25-ap-01190-SC<br><br>Chapter 11<br><br>**NOTICE OF MOTION TO EXTEND THE TIME TO EFFECTUATE SERVICE OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND REQUEST FOR ANOTHER SUMMONS**<br><br>No Hearing Required<br><br>[LBR 9013-1(o)(1)]<br><br>Judge: Hon. Scott C. Clarkson |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** Plaintiff Richard A. Marshack, the former Chapter 11 Trustee for the bankruptcy estate ("Estate") of debtor The Litigation Practice Group P.C. ("Debtor" or "LPG") and current liquidating trustee of the LPG Liquidation Trust (collectively, "Trustee" or "Plaintiff") in the above-captioned bankruptcy case (the "Bankruptcy Case") has filed a motion (the "Motion"), to extend the time to effectuate service of Plaintiff's First Amended Complaint ("FAC") on defendants Laurent Reiss ("Reiss") and LDR International Ltd. ("LDR" and, together with Reiss, the "Foreign Defendants"), and request another summons.

**PLEASE TAKE FURTHER NOTICE** that through the Motion, the Plaintiff seeks entry of an order granting the Motion that provides the following relief:

1. Grants Plaintiff's request for an extension of time to serve the Foreign Defendants to 4 months following this Court's Order granting the extension;

2. Requests issuance of another summons with modified language within the summons to provide the Foreign Defendants 30 days from the date of service to file a responsive pleading; and

3. Grants such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice, the Memorandum of Points and Authorities submitted with the Motion, the Declaration of Christopher Celentino filed in support thereof, and the entire record in this case, and such other pleadings and evidence as may be properly submitted in connection with the Motion.

**PLEASE TAKE FURTHER NOTICE** that interested parties may obtain a complete copy of the Motion from the Court in-person or from the Court's website. Alternatively, parties may obtain a free, electronic copy by sending a written request to counsel for the Plaintiff as listed in the upper left-hand corner of the first page of this pleading.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBRs 9013-1(f) and 9013-1(o)(1)(A)(ii), any response and request for hearing must be (i) in writing and include a complete written statement of all reasons in opposition thereto or in support or joinder thereof, declarations and

1

documentary evidence on which the responding party intends to rely and any responding memorandum of points and authorities, (ii) filed with the Court, and (iii) served on the Plaintiff and the United States Trustee within fourteen (14) days after the date of service of this Notice, plus three (3) calendar days if service was by mail, at the following addresses:

**For Filing with the Court:**
Clerk's Office
United States Bankruptcy Court
411 West Fourth Street
Santa Ana, CA 92701-4593

**For Service on the Court:**
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

**For Service on the Plaintiff:**
Richard A. Marshack,
Trustee of the LPG Liquidation Trust
c/o Christopher Celentino, Esq.
Dinsmore & Shohl LLP
655 West Broadway, Suite 800
San Diego, CA 92101

**For Service on the United States Trustee:**
Office of The United States Trustee
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 9013-1(h), the failure to file and serve a timely response to the Motion or request for a hearing on the Motion may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

Dated:  February 20, 2026

Respectfully submitted,

DINSMORE & SHOHL LLP

By:  /s/ Christopher Celentino
      Christopher Celentino
      Yosina M. Lissebeck
      Christopher B. Ghio
      Jacob R. Bothamley
Counsel to Plaintiff, Richard A. Marshack,
Trustee of the LPG Liquidation Trust

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Dinsmore & Shohl LLP, 655 West Broadway, Suite 800, San Diego, CA 92101

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION TO EXTEND THE TIME TO EFFECTUATE SERVICE OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND REQUEST FOR ANOTHER SUMMONS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 20, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, bonnie.connolly@dinsmore.com
Brandon J. Iskander on behalf of Interested Party Courtesy NEF
biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com
Ira David Kharasch on behalf of Defendant MCA Fund ADV Inc.
ikharasch@pszjlaw.com
Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;linda.dominguez@dinsmore.com
Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Jacob Newsum-Bothamley on behalf of Plaintiff Richard A. Marshack
jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com
Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com
Matthew J Stockl on behalf of Plaintiff Richard A. Marshack
mstockl@otterbourg.com, katrice.ortiz@dinsmore.com
United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:

On (*date*)    February 20, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEFENDANT**
MCA Fund ADV Inc.
c/o USACORP INC. (Registered Agent)
325 Division Ave, Ste 201
Brooklyn, NY 11211

**DEFENDANT**
LDR International Ltd.
c/o Registrar of the Supreme Court
84 Main Street
P.O. Box 418
Road Town, Tortola
Virgin Island (British) VG1110

**DEFENDANT**
Laurent Reiss
c/o Direction des Services Judiciaires
Palais de Justice
5, rue Colonel Bellando de Castro
Monte Carlo, Monaco, 98000

**JUDGE'S COPY**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building & Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 20, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 20, 2026 | Bonnie Connolly | /s/ Bonnie Connolly |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

1  Christopher Celentino (State Bar No. 131688)
   Yosina M. Lissebeck (State Bar No. 201654)
2  Christopher B. Ghio (State Bar No. 259094)
   Jacob R. Bothamley (State Bar No. 319457)
3  **DINSMORE & SHOHL LLP**
4  655 West Broadway, Ste 800
   San Diego, CA 92101
5  Telephone:  619.400.0500
   Facsimile:  619.400.0501
6  Christopher.Celentino@dinsmore.com
   Yosina.Lissebeck@dinsmore.com
7  Christopher.Ghio@dinsmore.com
   Jacob.bothamley@dinsmore.com
8
9  Counsel Plaintiff, Richard A. Marshack,
   Trustee of the LPG Liquidation Trust
10

11              **UNITED STATES BANKRUPTCY COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

13

14  In re:                              Case No.: 8:23-bk-10571-SC

15  The Litigation Practice Group P.C.,  Adv. Proc. No.: 8:25-ap-01190-SC

16              Debtor.                  Chapter 11

17  _____

18  Richard A. Marshack, Trustee of the LPG   **MOTION TO EXTEND THE TIME TO**
    Liquidation Trust,                         **EFFECTUATE SERVICE OF**
19                                             **PLAINTIFF'S FIRST AMENDED**
                                               **COMPLAINT AND REQUEST FOR**
                Plaintiff,                     **ANOTHER SUMMONS;**
20                                             **MEMORANDUM OF POINTS AND**
                v.                             **AUTHORITIES; DECLARATION OF**
21                                             **CHRISTOPHER CELENTINO IN**
                                               **SUPPORT THEREOF**
22  Laurent Reiss, a Monaco resident; MCA Fund
    ADV Inc., a New York Corporation; LDR
23  International Ltd., a British Virgin Islands limited
    liability company; and DOES 1-10, inclusive,  No Hearing Required
24
                Defendants.                    [LBR 9013-1(o)(1)]
25
                                               Judge: Hon. Scott C. Clarkson
26

27

28

                                    1

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES:**

Plaintiff Richard A. Marshack, the former Chapter 11 Trustee for the bankruptcy estate ("Estate") of debtor The Litigation Practice Group P.C. ("Debtor" or "LPG") and current liquidating trustee of the LPG Liquidation Trust (collectively, "Trustee" or "Plaintiff") in the above-captioned bankruptcy case (the "Bankruptcy Case"), hereby moves the Bankruptcy Court, pursuant to this motion ("Motion") to extend the time to effectuate service of his First Amended Complaint ("FAC") on defendants Laurent Reiss ("Defendant Reiss") and LDR International Ltd. ("Defendant LDR" and, together with Defendant Reiss, the "Foreign Defendants"), and to issue another summons. More specifically, the Plaintiff respectfully requests the Court to:

1.  Grant Plaintiff's request for an extension of time to serve the FAC on the Foreign Defendants to 4 months following this Court's Order granting the extension;

2.  Issue another summons with the language providing the Foreign Defendants 30 days *from the date of service* to file a responsive pleading; and

3.  Grant such other and further relief as the Court deems just and proper.

This Motion is based on the attached Memorandum of Points and Authorities; Declaration of Christopher Celentino, attached hereto; the concurrently filed and served Notice of Motion, the entire record in this case, and such other pleadings and evidence as may be properly submitted in connection with the Motion.

As described more fully in the attached Memorandum of Points and Authorities, because of the anticipated delay and expense in serving the Foreign Defendants under the Hague Convention, Plaintiff requests an extension of time to serve the Foreign Defendants. Additionally, because the Foreign Defendants have not yet appeared in this action, and because Plaintiff is asserting new claims against Defendants in his FAC, it is also necessary to issue another summons providing that the deadline to answer shall be based on the date of service rather than the date of issuance.

///

///

///

2

**WHEREFORE**, the Plaintiff requests that this Motion be granted and that the Court (1) extend the time to serve Foreign Defendants to 4 months following this Court's Order granting the extension;(2) issue another summons with the language providing the Foreign Defendants 30 days from *the date of service* to file a responsive pleading; and (3) grant such other and further relief as the Court deems just and proper.

Dated:  February 20, 2026                    Respectfully submitted,

DINSMORE & SHOHL LLP

By:  /s/Christopher Celentino
　　　Christopher Celentino
　　　Yosina M. Lissebeck
　　　Christopher B. Ghio
　　　Jacob Bothamley
Counsel to Plaintiff, Richard A. Marshack,
Trustee of the LPG Liquidation Trust

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff brings this Motion to Extend the Time to Effectuate Service of the First Amended Complaint and Request for Another Summons ("Motion") in good faith and not for the purpose of delay. This is Plaintiff's second motion requesting an extension of time to effectuate service in this case. Plaintiff filed his first Motion after filing the original Complaint against Defendants with this Court on March 31, 2025 [ECF No. 8], which the Court subsequently granted on April 22, 2025 [ECF No. 12]. This Motion is brought a second time because, following the service of the initial summons and Complaint, Plaintiff filed a First Amended Complaint alleging new causes of action [ECF No. 39] (the "FAC").

Defendant Reiss is an individual residing in and subject to the laws of Monaco. Defendant LDR is a limited liability company existing under and subject to the laws of the British Virgin Islands. Because these defendants must be served abroad, Plaintiff asks for more time to effectuate service and to modify the language contained in the summons issued to Defendant Reiss and Defendant LDR to ensure they have sufficient time to respond to Plaintiff's FAC.

### II.    REQUEST TO EXTEND TIME

Plaintiff filed his FAC on January 15, 2026. Because of the anticipated delay and expense in serving the Foreign Defendants under the Hague Convention, Plaintiff asks this Court for an extension of time to serve the Foreign Defendants.

#### A.  Service of Process on Foreign Defendants

Service of process on foreign defendants requires a plaintiff to comply with both U.S. and foreign law. Bankruptcy Rule 7004(a)(1) governs the service of process of a summons and complaint in adversary proceedings, and it incorporates Rules 4(f) and 4(h) of the Federal Rules of Civil Procedure. *See* Fed. R. Bankr. P. 7004(a)(1).

Here, Defendant Reiss is an individual residing in Monaco. Defendant LDR is a foreign limited liability company based in the British Virgin Islands. Under Rule 4(h)(2), service of the summons and complaint on a foreign corporation must be made "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

4

1    Rule 4(f)(1), which governs service of process upon a foreign defendant, provides that service on an

2    individual in a foreign country may be obtained "by any internationally agreed means of service that

3    is reasonably calculated to give notice, such as those authorized by the Hague Convention on the

4    Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). "Service pursuant

5    to the Hague Convention is mandatory when serving a foreign defendant in a signatory country."

6    *Hyundai Merch. Marine Co. Ltd. v. Grand China Shipping (Hong Kong) Co. Ltd.*, 878 F. Supp. 2d

7    1252, 1261 (S.D. Ala. 2012) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694,

8    699 (1988)).[1]

9          Article 5(a) of the Hague Convention provides that the central authority of the foreign state

10    must serve the documents "by a method prescribed by its internal law for the service of documents in

11    domestic actions upon persons who are within its territory." Hague Convention Art. 5(a).

## B. Request for Extension of Time to Effectuate Service

13          Rule 4(m)—typically requiring service of a summons and complaint within "90 days after the

14    complaint is filed"—"does not apply to service in a foreign country under" Fed. R. Civ. P. 4(f); *see*

15    *also* Fed. R. Bank. P. 7004 (incorporating Fed. R. Civ. P. and applying the same in bankruptcy

16    proceedings). While the rule does not apply to service in a foreign country, out of an abundance of

17    caution, Plaintiff seeks an order allowing for a lengthy service process to comply with the Hague

18    Convention.

19          As such, Plaintiff asks this Court to extend the time to effectuate service on the Foreign

20    Defendants. Upon information and belief, the Foreign Defendants reside in and exist under the laws

21    of Monaco and the British Virgin Islands and therefore must be served pursuant to the Hague

22    Convention. (Celentino Decl. ¶ 5.) Plaintiff has already effected service of the original complaint on

---

[1] The United States, United Kingdom, and Monaco are all signatories of the Hague Convention. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 (the "Hague Convention"), Status Table, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited February 20, 2026). Because the British Virgin Islands is an overseas territory of the United Kingdom, the Hague Convention extends to the British Virgin Islands. *See* Hague Convention, Table of Extensions, https://www.hcch.net/en/instruments/conventions/status-table/extensions/?cid=41&mid=352 (last visited February 20, 2026).

1  the Defendant Reiss, which indeed proved to be a lengthy and laborious process involving translations

2  of complex legal documents requiring multiple rounds of review in coordination with local counsel,

3  court approval of the translations, and finally service upon the Defendant Reiss by local court

4  personnel. (*See* Celentino Decl. ¶ 6.) Defendant LDR has not yet been served and efforts to effect

5  service with registered process servers in British Virgin Islands has been unsuccessful. (*Id.*)

6        Once Defendant Reiss was served, Plaintiff's counsel received a phone call from an attorney

7  allegedly on behalf of all the Foreign Defendants, indicating an intent to represent said Foreign

8  Defendants, but as of today, that attorney has not yet formally appeared on behalf of the Foreign

9  Defendants in this case. *See* Celentino Decl. ¶7. After service upon Defendant Reiss, it appeared that

10  amendments to the Complaint would be necessary, and therefore, Plaintiff filed and served the FAC,

11  modifying claims against the Foreign Defendants. (*See* Celentino Decl. ¶ 8.)

12        Having already served the Defendant Reiss with the original complaint, and being acquainted

13  with the considerable obstacles of serving the Foreign Defendants, it is Plaintiff's intent pursue

14  service of the FAC on the Foreign Defendants and, if applicable, a default judgment. To do so,

15  Plaintiff requests this extension to meet his obligations under the Rules. (*See* Celentino Decl. ¶ 9.)

16  The instant request for an extension of time to effectuate service is for 4 months from the Court's

17  Order granting the extension.  This request is made in good faith and not for the purpose of delay.

18  **III.    REQUEST FOR ANOTHER SUMMONS**

19        In Plaintiff's first *Motion to Extend Time to Effectuate Service and Modify Summons*, Plaintiff

20  requested this Court to enter an order directing the clerk of Court to amend the language of the

21  summons issued on March 27, 2025, to provide the Defendant with thirty (30) days from the date of

22  service to file a responsive pleading, as opposed to 30 days from the date of issuance of the Summons.

23  The Court, in its order, granted this request to direct the clerk to issue a new Summons with the

24  requested language [ECF No. 12]. The clerk issued the new Summons on April 22, 2025 [ECF No.

25  13]. Because the new Summons was not timely served on the Foreign Defendants, Plaintiff filed a

26  request that the clerk issue another Summons and Notice of Status Conference [ECF No. 34]. The

27  clerk issued an additional Summons on August 27, 2025 [ECF No. 35].  Service was executed on

28  ///

Defendant Reiss on September 18, 2025 [ECF No. 37]. Service on Defendant LDR has yet to be executed. Defendants Reiss and LDR have not yet appeared in this action. (Celentino Decl. ¶ 4.)

While amended complaints typically are served pursuant to Rule 5 of the Federal Rules of Civil Procedure and therefore do not require an additional summons to be issued to the Defendant, that is not the case here because Defendants Reiss and LDR have not appeared and Plaintiff's FAC asserts new causes of action. *See Employee Painters' Trust v. Ethan Enters.*, 480 F.3d 993, 999 (9th Cir. 2007) (amended complaint must be served in the manner provided by Rule 4 when (1) a party "is in default for failure to appear" and (2) the pleadings assert new claims for relief) (quoting FRCP 5(a)(2)). Here, the Foreign Defendants have not appeared in this action, and are thus "in default for failure to appear", and the FAC contains new claims for relief. Therefore, in an abundance of caution, Plaintiff requests another Summons. Plaintiff further requests this Court enter an order directing the clerk of the Court to issue another summons that also contains the language:

> "TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is 30 days after service of this summons. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint."

This is the same language as in the Summons previously issued by this Court [*see* ECF No. 35].

///
///
///
///
///
///
///
///
///
///

7

**IV.    CONCLUSION**

Based on the foregoing, Plaintiff requests that this Motion be granted and this Court (1) extend the time to serve the Foreign Defendants to 4 months following this Court's Order granting the extension; (2) issue another summons to provide the Foreign Defendants 30 days from the date of service to file a responsive pleading; and (3) grant such other and further relief as the Court deems just and proper.

Dated:  February 20, 2026                  Respectfully submitted,

DINSMORE & SHOHL LLP


By:  /s/ Christopher Celentino
     Christopher Celentino
     Yosina M. Lissebeck
     Christopher B. Ghio
     Jacob Bothamley
Counsel to Plaintiff, Richard A. Marshack,
Trustee of the LPG Liquidation Trust

## <u>DECLARATION OF CHRISTOPHER CELENTINO</u>

I, Christopher Celentino, declare as follows:

1.      I am a partner with Dinsmore & Shohl LLP, counsel to Plaintiff, Richard A. Marshack, the former Chapter 11 Trustee for the bankruptcy estate ("Estate") of debtor The Litigation Practice Group P.C. ("Debtor" or "LPG") and current liquidating trustee of the LPG Liquidation Trust (collectively, "Trustee" or "Plaintiff") in the above-captioned bankruptcy case (the "Bankruptcy Case").

2.      I have personal knowledge of the statements made herein unless indicated otherwise on information and belief, and if called upon to testify, I could and would competently testify to their truth.

3.      This Declaration is provided in support of the *Motion to Extend the Time to Effectuate Service of Plaintiff's First Amended Complaint and Modify Summons* ("Motion") with respect to defendants Laurent Reiss ("Defendant Reiss") and LDR International Ltd. ("Defendant LDR" and, together with Reiss, the "Foreign Defendants").

4.      In Plaintiff's first Motion to Extend Time to Effectuate Service and Modify Summons, Plaintiff requested this Court enter an order directing the clerk of Court to amend the language of the summons issued on March 27, 2025, to provide the Defendant with thirty (30) days from the date of service to file a responsive pleading, as opposed to 30 days from the date of issuance of the Summons. The Court, in its order, granted this request to direct the clerk to issue a new Summons with the requested language [ECF No. 12]. The clerk issued the new Summons on April 22, 2025 [ECF No. 13]. Because the new Summons was not timely served on the Foreign Defendants, Plaintiff filed a request that the clerk issue another Summons and Notice of Status Conference [ECF No. 34]. The clerk issued an additional Summons on August 27, 2025 [ECF No. 35]. Service was executed on Defendant Reiss on September 18, 2025 [ECF No. 37]. Service on Defendant LDR has yet to be executed. Defendants Reiss and LDR have not yet appeared in this action.

5.      Upon information and belief, the Foreign Defendants reside in and exist under the laws of Monaco and the British Virgin Islands and therefore must be served pursuant to the Hague Convention.

6.      Plaintiff has already effected service of the original complaint on one of the Foreign Defendants, which indeed proved to be a lengthy and laborious process involving translations of complex legal documents requiring multiple rounds of review in coordination with local counsel, court approval of the translations, and finally service upon the Defendant Reiss by local court personnel.  Defendant LDR has not yet been served and efforts to effect service with registered process servers in British Virgin Islands has been unsuccessful.

7.      Once Defendant Reiss was served, I received a phone call from an attorney allegedly on behalf of all the Foreign Defendants, indicating an intent to represent said Foreign Defendants, but as of today, that attorney has not yet formally appeared on behalf of the Foreign Defendants in this case.

8.      After service upon Defendant Reiss, it appeared that amendments to the Complaint would be necessary, and therefore I caused a First Amended Complaint to be filed and served, modifying claims against the Foreign Defendants.

9.      Having already served Defendant Reiss with the original complaint, and being acquainted with the considerable obstacles of serving the Foreign Defendants, it is Plaintiff's intent pursue service of the FAC on the Foreign Defendants and, if applicable, a default judgment. To do so, Plaintiff requests this extension to meet his obligations under the Rules, as set forth in the Motion

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 20, 2026, at San Diego, California.

/s/ Christopher Celentino
Christopher Celentino

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Dinsmore & Shohl LLP, 655 West Broadway, Suite 800, San Diego, CA 92101

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO EXTEND THE TIME TO EFFECTUATE SERVICE OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND REQUEST FOR ANOTHER SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER CELENTINO IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 20, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, bonnie.connolly@dinsmore.com
Brandon J. Iskander on behalf of Interested Party Courtesy NEF
biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com
Ira David Kharasch on behalf of Defendant MCA Fund ADV Inc.
ikharasch@pszjlaw.com
Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;linda.dominguez@dinsmore.com
Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Jacob Newsum-Bothamley on behalf of Plaintiff Richard A. Marshack
jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com
Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com
Matthew J Stockl on behalf of Plaintiff Richard A. Marshack
mstockl@otterbourg.com, katrice.ortiz@dinsmore.com
United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:

On (*date*)  February 20, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEFENDANT**
MCA Fund ADV Inc.
c/o USACORP INC. (Registered Agent)
325 Division Ave, Ste 201
Brooklyn, NY 11211

**DEFENDANT**
LDR International Ltd.
c/o Registrar of the Supreme Court
84 Main Street
P.O. Box 418
Road Town, Tortola
Virgin Island (British) VG1110

**DEFENDANT**
Laurent Reiss
c/o Direction des Services Judiciaires
Palais de Justice
5, rue Colonel Bellando de Castro
Monte Carlo, Monaco, 98000

**JUDGE'S COPY**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building & Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  February 20, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 20, 2026 | Bonnie Connolly | /s/ Bonnie Connolly |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Dinsmore & Shohl LLP, 655 West Broadway, Suite 800, San Diego, CA 92101

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 11, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, bonnie.connolly@dinsmore.com
Brandon J. Iskander on behalf of Interested Party Courtesy NEF
biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com
Ira David Kharasch on behalf of Defendant MCA Fund ADV Inc.
ikharasch@pszjlaw.com
Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;linda.dominguez@dinsmore.com
Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Jacob Newsum-Bothamley on behalf of Plaintiff Richard A. Marshack
jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com
Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com
Matthew J Stockl on behalf of Plaintiff Richard A. Marshack
mstockl@otterbourg.com, katrice.ortiz@dinsmore.com
United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

**2.  SERVED BY UNITED STATES MAIL**:

On (*date*)    March 11, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEFENDANT**
MCA Fund ADV Inc.
c/o USACORP INC. (Registered Agent)
325 Division Ave, Ste 201
Brooklyn, NY 11211

**DEFENDANT**
LDR International Ltd.
c/o Registrar of the Supreme Court
84 Main Street
P.O. Box 418
Road Town, Tortola
Virgin Island (British) VG1110

**DEFENDANT**
Laurent Reiss
c/o Direction des Services Judiciaires
Palais de Justice
5, rue Colonel Bellando de Castro
Monte Carlo, Monaco, 98000

**JUDGE'S COPY**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building & Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  March 10, 2026          , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 11, 2026 | Bonnie Connolly | /s/ Bonnie Connolly |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                                                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**